Wayne Johnson, SBN: 112588
Law Offices of Wayne Johnson
P.O. Box 19157
Oakland, CA 94619
(510) 451-1166

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELTON LLOYD, | CIVIL NO: C 08-2942 EMC |
| PLAINTIFF, | COMPLAINT FOR DAMAGES |
| v. | JURY TRIAL DEMANDED |
| OAKLAND POLICE OFFICERS H. JOSHI, M. MCGIFFERT, AND OAKLAND POLICE OFFICERS WHOSE NAMES ARE NOT KNOWN TO PLAINTIFFS AT THIS TIME, INDIVIDUALLY, AND IN THEIR CAPACITIES AS EMPLOYEES OF THE CITY OF OAKLAND, THE CITY OF OAKLAND, AND DOES 1-10, | |
| DEFENDANT. | |

1. Plaintiff, Elton Lloyd, is and at all times mentioned herein was a resident of Alameda County, California.

2. Officer H. Joshi, Officer M. McGiffert, and Does 1-10, police officers whose names and capacities are not known to plaintiff, are sued herein individually and in their official capacities as a sworn peace officers of the State of California, City of Oakland, for acts and conduct under color of law, as follows.

COMPLAINT FOR DAMAGES    - 1 –

3. The City of Oakland is a municipal corporation of the State of California.

4. This action is brought pursuant to 42 U.S.C. sections 1983, et seq. and 1988, and the California Constitution, civil rights statutes and common law. Jurisdiction is based on 28 U.S.C. sections 1331 and 1343 and the aforementioned federal statutes.

5. Plaintiff further invokes the pendent jurisdiction of this court to decide claims arising under the California Constitution and California law covering the use of unreasonable force.

6. Plaintiff has filed administrative claims in compliance with Cal. Govt. Code §910 et seq, and such claims have been rejected by the City of Oakland.

7. Plaintiff has standing to file this complaint against defendants because they were injured by Defendants' acts, violation of the California and United States Constitutions, and California tort law.

8. Under 42 U.S.C. sections 1983, et seq. and 1988, Plaintiffs have standing to bring suit against defendants to recover compensation for Plaintiffs' injuries resulting from Defendants' violation of Plaintiffs' Constitutional rights.

9. The City of Oakland is a subdivision of the State of California and was acting pursuant to the police power authorized by Article XI, Section 7, of the California Constitution, when Oakland Police officers injured Plaintiff.

10. When the officers injured Plaintiff, they were acting as employees of the City of Oakland Police Department.

### FIRST CAUSE OF ACTION

### VIOLATIONS OF TITLE 42 U.S.C. SECTION 1983

11. Plaintiff hereby incorporates by reference paragraphs 1 through 10, of this complaint as if fully set forth herein.

12. Elton Lloyd's Constitutional Rights were violated on June 29, 2007, at 1415 Magnolia Street, Oakland, California.

COMPLAINT FOR DAMAGES      - 2 –

13. According to H. Joshi, she and M. McGiffert, received a report from a confidential informant that a William Oliver, was standing in front of 1415 Magnolia Street, Oakland, California talking to Plaintiff Lloyd.

14. The confidential informant also stated that William Oliver was a black male with dreds and that he was on parole and in possession of a large quantity of marijuana, which he was storing in a grey vehicle, license 5LQJ000, also in front of the location.

15. On or about June 29, 2007, in Oakland, California, Defendants H. Joshi and M. McGiffert appeared at Elton Lloyd's residence at 1415 Magnolia Street, Oakland, California.

16. When H. Joshi and M. McGifffert arrived at 1415 Magnolia Street, they did not see William Oliver. They saw Plaintiff and they began to question him about William Oliver.

17. When Plaintiff told the defendants that he had not seen William Oliver, they told him if he refused to cooperate it would not be good for him.

18. H. Joshi and M. McGiffert demanded to search his residence.

19. Plaintiff refused to allow them to search his residence; however, they entered and searched it anyway. They did not locate any contraband or unlawful evidence.

20. H. Joshi and M. McGiffert then searched the vehicle that was parked in the driveway of Plaintiff's residence, the one bearing license number 5LQ000.

21. H. Yoshi and M. McGiffert claimed that they found illegal contraband inside the vehicle.

22. Plaintiff was not in or near the vehicle, he did not own or control the vehicle, and he did not own or control anything inside the vehicle.

23. H. Joshi and M. McGiffert told Plaintiff if he did not provide them with any information on William Oliver, they would arrest him and charge him with selling drugs.

24. Plaintiff told them he had no information for them.

25. H. Joshi and M. McGiffert arrested Plaintiff and charged him with possession of drugs for sale.

COMPLAINT FOR DAMAGES    - 3 –

26. Defendants seized plaintiff in excess of the Laws of the United States. These violations of the law are part of a custom and practice of the City of Oakland in failing to properly train and supervise its employees.

27. The City of Oakland is liable for failure to properly supervise and failure to train Officers H. Joshi and M. McGiffert using reasonable means search individuals.

28. Defendants' above-described conduct, and particularly the unreasonable seizure of plaintiffs, violated plaintiffs' rights pursuant to 42 U.S.C. §1983 under the First, Fourth, and Fourteenth Amendments, applicable to the states under the Fourteenth Amendment to the United States Constitution. Plaintiff also suffered false arrest, false imprisonment, and intentional infliction of emotional distress.

29. Defendants' above-described conduct, and particularly the acts and omissions of those defendants involved in the unlawful seizure of plaintiffs, constitutes a policy and custom of certain employees of the City of Oakland who have a practice of fabricating evidence and making false arrests applying unreasonable force to citizens and failing to supervise officer who use unreasonable force.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### PENDENT STATE CLAIMS

30. Plaintiff hereby incorporates by reference paragraphs 1 through 29, of this complaint as if fully set forth herein.

30. In doing the acts complained of, defendants, and each of them, intentionally and unlawfully restrained plaintiff to a confined space without his permission.

31. Plaintiff's arrest was without proper legal authority.

32. When Defendants falsely arrested and falsely imprisoned Plaintiff they did so with ill will and malice aforethought, entitling Plaintiff to punitive damages.

### PUNITIVE DAMAGES ALLEGATION

33. Plaintiff hereby incorporates by reference paragraphs 1 through 29, of this complaint as if fully set forth herein.

COMPLAINT FOR DAMAGES        - 4 –

34.     Defendants' above-described engaged in conduct that was intentional, malicious, oppressive, and do with in reckless disregard of plaintiff's Constitutional rights.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for each cause of action for which she is entitled to a jury trial.

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

A. An award of compensatory and general damages against defendants against the defendants, jointly and severally, for   in the amount of $1,000,000;

B. An award of exemplary and punitive damages against all defendants sued in their individual capacities in the amount of $500,000;

C. And such other and further relief as the Court may deem just and proper.

Dated: _____

_____
By: WAYNE JOHNSON
Attorney for Plaintiff

COMPLAINT FOR DAMAGES        - 5 –