UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELTON LLOYD, | No. C 08-02942 MHP |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| OAKLAND POLICE OFFICERS H. JOSHI, ET AL., | **Re: Plaintiff's Motion for Summary Judgment** |
| Defendants. / | |

Plaintiff Elton Lloyd brought this action against the City of Oakland and Oakland Police Officer H. Joshi, Officer M. McGiffert, Sgt. K. Coleman and other police officers whose names are not yet known (collectively, "defendants"), claiming violations of federal civil rights and pendent state claims, based on allegations of false arrest, false imprisonment and intentional infliction of emotional distress. Now before the court is plaintiff's motion for summary judgment. Having considered the arguments and submissions for the parties, the court enters the following memorandum and order.

BACKGROUND

Plaintiff is a resident of Alameda County, California. First Amended Complaint ¶ 1 ("Compl."). Plaintiff brought this action against the City of Oakland and Oakland Police Officer H. Joshi, Officer M. McGiffert, and other Oakland Police Officers whose names are not yet known to plaintiff individually, and in their official capacities and Does 1-10, alleging civil rights violations pursuant to 42 U.S.C. section 1983 under the First, Fourth, and Fourteenth Amendments, and

pendent state claims arising under the California Constitution and California law covering the use of unreasonable force. See Original Complaint, Docket Entry No. 1. Plaintiff has since amended the complaint to add Sergeant K. Coleman as a named defendant, asserting only the federal civil rights claim under 42 U.S.C. section 1983 against him. See Compl. ¶ 2 and Docket No. 42, Minute Entry for Motion Hearing (dismissing pendent state claims against Coleman).

Plaintiff's claims arise out of actions that allegedly occurred on June 29, 2007, when Oakland Police Officers Joshi and McGiffert, and later Sgt. Coleman, appeared at plaintiff's residence, 1415 Magnolia Street, in Oakland, California. Compl. ¶¶ 12 & 15. Joshi and McGiffert stated that they had received a report from a confidential citizen informant that a parolee named William Oliver was standing outside that residence with plaintiff. Compl. ¶ 13; Joint Case Management Statement, Docket No. 22 ("Joint Statement"), at 3. The confidential informant informed the officers that Oliver was storing a large quantity of marijuana in a grey vehicle, license no. 5LQJ000, parked in the driveway at that residence. Compl. ¶ 14; Joint Statement at 3.

When the officers arrived at 1415 Magnolia Street, they did not see Oliver, so they made contact with plaintiff who was standing outside the residence by himself. Compl. ¶ 16; Joint Statement at 3. The officers detained plaintiff and placed him in handcuffs. See Johnson Dec., Docket No. 50, Exh. B (Deposition Transcript of Sgt. Coleman) at 158:22-25. The officers then proceeded to search the residence. Plaintiff contends that Joshi and McGiffert demanded to search plaintiff's residence, and proceeded to enter and search it after plaintiff refused to give them permission for the search. Compl. ¶¶ 18-19. Defendants contend they conducted a security check, also termed a protective sweep or parole search of the house, which involved only a visual check for Oliver, whom they believed lived there but whom they did not find. Joint Statement at 3; McGiffert Dec., Docket No. 55, ¶ 4.

The officers also searched the vehicle parked in the driveway. Plaintiff contends that after Joshi and McGiffert failed to find drugs in plaintiff's residence, they searched the vehicle parked in plaintiff's driveway, which had the same license plate as the gray vehicle described by the confidential informant. Id. ¶¶ 19-20. Plaintiff also contends that once Joshi and McGiffert had searched the vehicle and claimed to find marijuana inside it, Sgt. Coleman appeared on the scene

For the Northern District of California

and commanded them to arrest plaintiff and charge him with possession of marijuana for sale, even though plaintiff did not own or control the vehicle or anything inside the vehicle. Id. ¶¶ 21-22.

Defendants contend that the officers approached the previously identified car parked in the driveway just steps from plaintiff and discerned a strong odor of marijuana emanating from the car. Joint Statement at 3. Officer Joshi then opened the car door and located a plastic bag containing 140 individually wrapped Ziploc baggies of suspected marijuana on the rear passenger seat and mail addressed to plaintiff at that address on the right front passenger seat. Joint Statement at 3; McGiffert Dec., ¶ 5; Johnson Dec., Docket No. 63, Exh. A (Deposition Transcript of Officer Holly Joshi) at 83 & Exh. B (Deposition Transcript of Sergeant Kirk Coleman), at 78.

Officer Joshi then arrested plaintiff and charged him with possession of drugs for sale. Compl. ¶ 25; Joint Statement at 3. Plaintiff contends his unreasonable seizure and arrest were unlawful and in violation of his constitutional and civil rights. Plaintiff contends these violations are part of a policy and custom of certain employees of the City of Oakland who have a practice of fabricating evidence and making false arrests and failing to supervise officers who use unreasonable force. Compl. ¶ 29.

On December 11, 2007, plaintiff filed a government claim against the City of Oakland, in which he named Sgt. Coleman as an officer involved in the incident. See Rosen Dec., Docket No. 37, Exh. 1. Plaintiff's government claim was denied on March 7, 2008. Id., Exh. 2. Plaintiff filed the instant action on June 12, 2008. See Original Complaint.

LEGAL STANDARD

Summary judgment is proper when the pleadings, discovery, and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the proceedings. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On an issue for which the opposing party will have the burden of proof at

trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Mere allegations or denials do not defeat a moving party's allegations. Id.; see also Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 960 (9th Cir. 1994). The court may not make credibility determinations and inferences drawn from the facts must be viewed in the light most favorable to the party opposing the motion. Anderson, 477 U.S. at 249; Masson v. New Yorker Magazine, 501 U.S. 496, 520 (1991).

DISCUSSION

Plaintiff moves for summary judgment or summary adjudication of the following issues: (1) Whether the police's search of plaintiff's home without a warrant based on information provided by a confidential informant constituted an unlawful entry; and (2) whether plaintiff's arrest and charge for possession of sale of drugs found in the vehicle constituted a false arrest.

Plaintiff argues that even viewing the evidence most favorably to the officers, plaintiff is entitled to have the court summarily determine in his favor as a matter of law that defendants Joshi, McGiffert and Coleman, and the City of Oakland, are liable because "there is no plausible set of facts that would support arresting plaintiff." Pl.'s Mot. for SJ, 1:23. As to the unlawful entry claim, plaintiff contends that defendants violated plaintiff's Fourth Amendment right against unreasonable search and seizure because the police officers had no arrest or search warrant and "absent exigency or consent, warrantless entry into the home is impermissible under the Fourth Amendment." See Miller v. United States, 357 U.S. 301, 307 (1958). Plaintiff contends the City has both supervisory liability for the actions of its law enforcement agency officers and municipal liability under 42 U.S.C. section 1983 arising from a government custom or policy. See Monell v. Dept. of Soc. Serv., 436 U.S. 658 (1978).

Defendants contend that there are too many genuine issues of material fact in dispute to render summary judgment in plaintiff's favor. With scant reference to case law, defendants pithily

4

state that the officers had probable cause both to search 1415 Magnolia Street and to arrest plaintiff. Defendants contend they had probable cause to believe Oliver was residing at that address, based on reliable evidence from a citizen informant and a protective sweep of the residence was thus lawful. See Motley v. Parks, 432 F.3d 1072, 1080 (9th Cir. 2005), citing Cal. Penal Code § 3067(a) ("Any inmate who is eligible for release on parole pursuant to this chapter shall agree in writing to be subject to search or seizure by a parole officer or other peace officer at any time of the day or night, with or without a search warrant and with or without cause."). Defendants conclude that the totality of the circumstances establishes sufficient probability that would give someone of reasonable caution a belief that Oliver actually lived at 1415 Magnolia Street and that neither a warrant nor exigent circumstances are required to conduct a parole search of a residence in which officers have probable cause to believe a parolee resides.

Defendants also contend they had probable cause to arrest plaintiff based on a reasonably supported belief that plaintiff had possession, custody or control of the car and the marijuana stored there. Defendants cite no case law but allege the belief was reasonable based on the description and location of the vehicle by the confidential informant, the proximity of plaintiff to the vehicle, the odor of marijuana emanating from the car, the fact that marijuana was in the car, and that mail addressed to plaintiff was also in the car in plain view. Defendants assert that plaintiff has failed to establish either supervisory or Monell liability on the part of Sgt. Coleman or the City based on a custom or practice so persistent and widespread as to be deemed an official policy that violates federal civil rights.

Plaintiff contests several of the facts alleged by defendants, the majority of which focus on what the confidential informant told the police and whether the confidential informant could have provided any reliable information to defendants. Plaintiff argues that the confidential informant's credibility should be called into question and that, as a result, the officers could not have reasonably relied on the information and thus cannot establish probable cause for the search or the arrest. Because plaintiff is moving for summary judgment, however, the court must view all facts and draw all reasonable inferences in favor of the nonmoving party, defendants. Moreover, credibility

determinations are inappropriate on a motion for summary judgment. See Anderson, 477 U.S. at 249.

Although the court is nonplussed by defendants' threadbare recitals of legal standards with little to no application of the facts or relevant case law to support their position, it is of little consequence given the posture of the motion before the court. Too many genuine issues of material fact remain pertaining to what defendants knew or reasonably believed about whether the residence in question belonged to a parolee, what plaintiff did and said when the officers arrived at the residence, what transpired between plaintiff and the officers at the residence, and what state the house and vehicle were in prior to being searched, to determine whether any constitutional rights of plaintiff were violated under section 1983 or the pendent state claims as a matter of law. Defendants contend they conducted all of the appropriate verifications and checks on the informant's information so as to establish probable cause for the "protective search" of the residence, the vehicle search and plaintiff's attendant arrest.[1] While the manner in which defendants briefed the issues and presented evidence is lacking, to say the least, their effort is nonetheless sufficient to withstand summary judgment given that the record is replete with disputed issues of material fact regarding plaintiff's claims.

Plaintiff has failed to meet his burden to show that there is no genuine issue as to any material fact, based on the pleadings, the discovery and disclosure materials on file and any affidavits, as required by Federal Rule of Civil Procedure 56(c). Indeed, there are many questions of fact in dispute.

In preparation for any further proceedings, some familiarity with and discussion of existing case law are imperative. The court assumes defendants are relying on Samson v. California, 547 U.S. 843 (2006), approving warrantless searches of parolees, for their sweep of the house at 1415 Magnolia and the search of the vehicle. Yet, there are serious questions about the reach of section 3067 of the California Penal Code, as interpreted by the United States Supreme Court in Samson.[2] How far a reach beyond the person of the parolee and property under his immediate control does it afford? Does it reach the house in this case based upon the reliability of the information defendants had? Does it reach the vehicle based upon the same considerations? Since the search of the vehicle

6

gave rise to the arrest of plaintiff, there are also questions that need addressing in view of the Supreme Court's decision in Arizona v. Gant, 556 U.S. ___, 129 S.Ct. 1710 (2009). What reliable information did defendants have regarding the registration, ownership and control of the vehicle? Given the stationary condition of the vehicle were the defendants required to secure the vehicle and obtain a warrant?

The parties ultimately need to brief these issues. Even so, there are too many disputed issues of fact so that resolution of this action by summary judgment or partial summary judgment cannot be accomplished at this time, if ever.

Finally the court observes that the complaint is woefully short of what is required to meet federal pleading standards. Plaintiff is instructed to file an amended complaint after reading Ashcroft v. Iqbal, ___U.S.___, 129 S.Ct. 1937 (2009), and following its admonitions. Each claim shall be separately stated and not lumped together as one cause of action. He shall file the amended complaint within twenty (20) days of the date of this order. Defendants may file an answer within twenty (20) days thereafter if they believe they need to file a new answer.

For the reasons stated above, plaintiff is not entitled to judgment as a matter of law.

CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is DENIED. Plaintiff and defendants shall comply with this order as explained above.

IT IS SO ORDERED.

Dated: July 6, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

**ENDNOTES**

1. The court questioned defendants at oral argument about the legality of the vehicle search in particular, under the Supreme Court's recent holding in <u>Arizona v. Gant</u>, ___U.S.___,129 S.Ct. 1710, 1719 (2009) (ruling that a search of a vehicle incident to an arrest is authorized only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search). Contrary to defendants' written assertions, this case makes clear that general proximity to a vehicle is not enough to justify its search, especially if the vehicle is stationary and the scene can be secured as necessary to protect the officers or prevent the destruction of evidence.

2. California Penal Code section 3067(a), as pertinent here provides:

> Any inmate who is eligible for release on parole pursuant to this chapter shall agree in writing to be subject to search or seizure by a parole officer or other peace officer at any time of the day or night, with or without a search warrant and with or without cause.