UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELTON LLOYD, | No. C 08-02942 MHP |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| OAKLAND POLICE OFFICER H. JOSHI, ET AL., | **Re: Plaintiff's Motion for Leave to File a Second Amended Complaint** |
| Defendants. | |

Plaintiff Elton Lloyd brought this action against the City of Oakland and Oakland Police Officer H. Joshi, Officer M. McGiffert, Sgt. K. Coleman and other police officers whose names are not yet known (collectively, "defendants"), alleging civil rights violations pursuant to 42 U.S.C. section 1983, under the First, Fourth and Fourteenth Amendments to the U.S. Constitution, and pendent state claims for false arrest, false imprisonment, and intentional infliction of emotional distress. Now before the court is plaintiff's motion for leave to file a second amended complaint to include two additional defendants, Oakland Police Officer John Perrodin and Sgt. Pat Gonzales. Having considered the arguments and submissions of the parties, the court enters the following memorandum and order.

BACKGROUND

Plaintiff is a resident of Alameda County, California. See Docket No. 34, Exh. 1, First Amended Complaint ("FAC") ¶ 1. Plaintiff originally brought this action against the City of Oakland, Police Officers Joshi and McGiffert, other Oakland Police officers whose names were not yet known to the plaintiff, individually and in their official capacities, and Does 1-10. See Docket No 1, Original Complaint ¶ 2. Plaintiff alleges that on June 29, 2007, a group of Oakland Police officers, including Joshi and McGiffert, arrested plaintiff and searched his house and surrounding property in violation of federal and state laws, thereby depriving him of his rights under the U.S. Constitution.

On February 4, 2009, plaintiff moved to amend the original complaint to include Sgt. K. Coleman, of the Oakland Police, as an additional defendant. See FAC ¶ 2. Plaintiff attributed his failure to previously join Coleman as a defendant to an "inadvertence" on the part of plaintiff's counsel. See Docket No. 34, Wayne Dec. ¶ 3. On March 16, 2009, the court granted plaintiff's motion to amend his complaint to add Coleman as a defendant, but only as to the section 1983 claims. The parties stipulated to a dismissal of plaintiff's state law claims against Coleman, as being time-barred under the applicable state statute of limitations, derived from California Government Code section 945.6 ("California Tort Claims Act"). See Docket No. 42, Minute Entry for Motion Hearing.

On April 2, 2009, after deposing Coleman, plaintiff learned that Sgt. Pat Gonzales had provided the written approval of plaintiff's arrest, see Docket No. 68, Wayne Dec. ¶ 3, while Officer John Perrodin had entered plaintiff's residence under Coleman's orders, id. ¶ 4. As a result, plaintiff now seeks leave of the court to add Gonzales and Perrodin as defendants in the present action. Plaintiff seeks to assert only the section 1983 claims against them. See Docket No. 69, Second Amended Complaint. Plaintiff claims that he was previously unable to join Gonzales and Perrodin as defendants because "the police report d[id] not describe the[ir] conduct" during the search and arrest. See Docket No. 68, Wayne Dec., ¶ 6.

The names of both putative defendants appeared in material that was available to plaintiff's counsel prior to the Coleman deposition. The penultimate line of the police report identified Gonzales as having approved the arrest. See Docket. No. 72, Exh. 2, Police Report. Defendants had previously identified Gonzales as an individual likely to have discoverable information. See id., Exh. 1, Defendants' Initial Disclosures. Further, in a February 24, 2009, deposition of Joshi, plaintiff's counsel was told that Gonzales had approved the arrest. See id., Exh. 3, Transcript of Joshi Deposition, at 118. Perrodin is mentioned in the police report as one of the officers at the scene and as the "transporting officer," see id., Exh. 2, Police Report, a fact confirmed by Joshi's deposition, see id., Exh. 3, Transcript of Joshi Deposition, at 94. He was also listed as a likely possessor of discoverable information in defendants' initial disclosures. See id., Exh. 1, Defendants' Initial Disclosures.

LEGAL STANDARD

A party may amend a pleading once as a matter of course and thereafter may only amend the complaint by consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a)(2). Leave should be freely given when justice so requires. Id. The Ninth Circuit has construed Rule 15(a) broadly, requiring that leave to amend be granted with "extraordinary liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); Poling v. Morgan, 829 F.2d 882, 886 (9th Cir. 1987) (describing a "strong policy permitting amendment"). When the underlying facts or circumstances may form the proper basis for relief, the opportunity to "test his claim on the merits" should be given to the plaintiff. Forman v. Davis, 371 U.S. 178, 182 (1962).

In determining whether to grant leave to amend, the court must consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004), accord Forman, 371 U.S. at 182. Not all of the factors merit equal consideration: Prejudice is the "touchstone of the inquiry under rule 15(a)" and "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003); Owens v. Kaiser

Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001). Futility of amendment, by itself, can also justify the denial of a motion to amend. Bonin v. Calderon, 59 F.3d 815, 845-46 (9th Cir. 1995) (denying leave to amend when proposed amended complaint contained only new theories and no new facts was "duplicative" and "patently frivolous").

DISCUSSION

Defendants argue the court should deny plaintiff's motion for leave to file a second amended complaint for three reasons: (1) amending the complaint would be futile because the statute of limitations prevents plaintiff from filing a separate action against Gonzales and Perrodin; (2) plaintiff has previously filed an amended complaint; and (3) plaintiff's motion is based on a misrepresentation.

First of all, defendants' argument with respect to futility treads that uncertain and undesirable ground between frivolity and deliberate obstructionism. The federal statute of limitations provides for a two-year period during which plaintiff could have asserted his section 1983 claim against Gonzales and Perrodin. See Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir.1994) (explaining that section 1983 does not contain its own limitations period, so the court looks to the limitations period of the forum state's statute of limitations for personal injury torts); Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004) (the statute of limitations in California for section 1983 claims is two years). Federal law determines when a cause of action accrues and the statute of limitations begins to run for a section 1983 action. Elliott, 25 F.3d at 802. The claim generally accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." Norco Constr., Inc. v. King County, 801 F.2d 1143, 1145 (9th Cir. 1986) (citation omitted).

Here, the arrest took place on June 29, 2007. This was the date when plaintiff knew or had reason to know of his injuries which formed the basis of this action. Thus, the statutory deadline for plaintiff's section 1983 claims was June 29, 2009. Plaintiff filed a timely motion on June 6, 2009, no less than twenty-three days before the deadline. Plaintiff is not asserting any pendent state law claims against the proposed defendants, so the two-year statute of limitations is the only one at issue.

The statute of limitations is, therefore, tolled to the extent necessary to permit plaintiff to have his request adjudicated. Simply because defendants' opposition was filed after June 29, 2009, does not entitle them to invoke futility under the statute of limitations. If the statute of limitations was allowed to run its course while defendants prepared their opposition papers, justice would soon become an empty word, devoid of any practical significance.

Secondly, while defendants are correct in stating that plaintiff has already amended his complaint once, the existence of previous amendments is but one of the five factors a court considers, and not even the most important. Plaintiffs are allowed to amend their complaints several times, if justice so requires. The policy in this Circuit mandates an extraordinarily liberal approach to leave to amend, defendants' evident disagreement notwithstanding. Joining two additional defendants would be in furtherance of both justice and judicial economy, as it permits the court to consider plaintiff's claims in their totality, in one action. Defendants fail to claim that plaintiff's motion would cause undue delay, is made in bad faith, or would, in any way, prejudice defendants.

Thirdly is the issue of whether plaintiff's request is based on a misrepresentation, i.e., that defendants did not disclose their relationship to the underlying incident until Coleman's deposition. To consider this as a basis for not allowing an amendment is to put the cart before the horse. A court may be disposed to lend less credence to a party suspected of misrepresentation, but misrepresentation is not always equivalent to bad faith.

More importantly, the court is not convinced that plaintiff's explanation is untrue or misleading. Plaintiff knew that Gonzales and Perrodin had been somehow involved but it was not until Coleman's deposition that it became clear that Perrodin may have entered plaintiff's property and that Gonzales was the sole officer providing written approval of the arrest. Both Gonzales and Perrodin could have been involved in the incident without having committed any of the violations imputed to the other defendants. Only when it became clear that he had entered the house, did plaintiff consider Perrodin a defendant. Similarly, only when it was clear that Gonzales was the person exercising final authority over, rather than offering verbal approval of, the arrest, was he purportedly elevated from witness to party.

Furthermore, without sufficient facts available to him, plaintiff would not have a reasonable basis for naming Gonzales and Perrodin and could run the risk of dismissal or even sanctions.

In sum, defendant has failed to provide adequate reasons why plaintiff's motion should be denied. A Rule 15(a) analysis, under the liberal amendment policy stated by the Ninth Circuit, and considerations of judicial economy strongly militate in favor of granting plaintiff's motion.

CONCLUSION

The court hereby GRANTS plaintiff's motion for leave to file a second amended complaint reflecting the addition of Gonzales and Perrodin as defendants for the section 1983 claims. Plaintiff's second amended complaint is hereby deemed filed. Defendants shall file their answer or otherwise respond within thirty (30) days of entry of this memorandum and order.

IT IS SO ORDERED.

Dated: August 10, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California